CERAMIC TOOL COMPANY, INC,

      Plaintiff,

                                   Case No. 25-cv-0939-bhl

    v.

CONSOLIDATED FLOORING OF CHICAGO, LLC,

      Defendant.

## SECOND AMENDED SCHEDULING ORDER

On June 9, 2025, Plaintiff Ceramic Tool Company, Inc. filed this breach of contract case in Waukesha County Circuit Court. (ECF No. 1-2 at 4.) Defendant Consolidated Flooring of Chicago LLC removed the case to this Court on July 10, 2025. (ECF No. 1.) Based on the parties' Rule 26(f) Report, the Court entered an initial scheduling order on September 16, 2025, setting a March 30, 2026 deadline for completing fact discovery and a June 30, 2026 deadline for filing dispositive motions. (ECF No. 20.) On January 21, 2026, the Court amended the scheduling order, at the parties' joint request, extending all deadlines by 90 days due to a key witness's unavailability. (ECF No. 23.) Notwithstanding that substantial extension, Ceramic Tool has now filed an unopposed motion to amend the scheduling order for an even longer period for similar reasons. (ECF No. 24.) Ceramic Tool explains that its primary factual witness "has only recently become available" and now asks the Court to extend the already once extended schedule by 120 days. (*Id.* at 1.) It reports that Consolidated Flooring does not oppose the motion.[1] (*Id.*)

While the Court understands the need to accommodate witness availability, Ceramic Tool has not shown good cause for such a lengthy period of further procrastination. This appears to be a relatively straightforward breach of contract dispute. In their joint Rule 26(f) report, the parties indicated they could complete discovery in less than nine months. (ECF No. 19.) The Court has

---

[1] The parties further indicate that they plan to mediate by September 11, 2026. (ECF No. 24 at 2.) The Court generally does not enter mediation deadlines or require mediation. The parties are free to agree to mediate at the time that works for them. If the parties wish the Court to refer the case to a magistrate judge for mediation, they may file a motion requesting it to do so.

already extended that deadline (along with other corresponding dates) by three months due to the unavailability of a witness. Ceramic Tool wants to delay things by another four months. Without reporting any significant process or providing any compelling explanation why the prior substantial extension proved insufficient, the Court cannot find good cause to grant such a lengthy extension and continue to delay this case. Accordingly, the Court will instead extend the deadlines laid out in its January 21, 2026 Order by 60 days. Barring extreme circumstances, the Court will not grant another extension. All other deadlines and procedures laid out in the initial scheduling order, (ECF No. 20), remain in place.

### DISCOVERY

1. All fact discovery must be completed no later than **August 31, 2026**. Discovery requests must be served sufficiently in advance of this deadline that timely responses are due before the deadline expires.

2. In accordance with Fed. R. Civ. P. 26, primary expert witness disclosures are due on or before **September 29, 2026** and rebuttal expert witness disclosures are due on or before **November 30, 2026**. These documents are to be exchanged between the parties and are not to be filed with the Court.

3. All expert discovery must be completed no later than **December 1, 2026**.

4. Expedited non-dispositive motions must comply with Civil L. R. 7(h). Counsel seeking non-dispositive procedural relief shall consult with the opposing party and include in the motion a statement indicating whether or not the motion is opposed.

### SUMMARY JUDGMENT MOTIONS

5. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7 and shall be served and filed on or before **December 1, 2026**.

SO ORDERED on June 24, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge